# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **CALVIN ORLANDUS WATKINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 2:23-cv-2026-SHL-atc |
| ) | |
| **TIPTON COUNTY DEPUTY GREEN,** ) | |
| **TIPTON COUNTY DEPUTY LAWLER,** ) | |
| **TIPTON COUNTY DEPUTY MOLDER,** ) | |
| **TIPTON COUNTY DEPUTY SMITH,** ) | |
| **DA STEPHANIE DRAUGHON,** ) | |
| **MILLINGTON POLICE OFFICERS** ) | |
| **COREY EDINBURGH, and MILLINGTON** ) | |
| **POLICE LENIZE STEPNEY,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION FOR PARTIAL *SUA SPONTE* DISMISSAL

On January 18, 2023, Plaintiff Calvin Orlandus Watkins filed a *pro se* complaint against Defendants Tipton County Deputy Green and Tipton County Deputy Lawler, alleging claims for civil rights violations under 42 U.S.C. § 1983. (ECF No. 1.) Also on January 18, 2023, Watkins filed a motion to proceed *in forma pauperis* (ECF No. 2), which was subsequently granted (ECF No. 7). Watkins then filed an amended complaint on July 28, 2023, in which he added five additional Defendants: Tipton County Deputy Gene Molder, Tipton County Deputy Chris Smith, District Attorney Stephanie Draughon, Millington Police Officer Corey Edinburg, and Millington Police Officer Lenize Stepney. (ECF No. 9.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

# REPORT AND RECOMMENDATION

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the court's direction after the court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

# PROPOSED FINDINGS OF FACT

Watkins filed his original complaint and amended complaint[1] using a court-provided form alleging violations of his Fourth Amendment rights under 42 U.S.C. § 1983.[2] Watkins alleges that he was a passenger in Virginia Wilkerson's vehicle at approximately 11:00 p.m. on January 12, 2023, when Tipton County Sheriff's deputies pulled the vehicle over on Highway 51 in Tipton County because of expired tags. (ECF No. 1, at 2–3.) Deputy Green and another unidentified deputy approached the vehicle, and Watkins "didn't see a reason to hand my I.D. to Deputy Green, so I told him my name." (*Id.*) The deputies returned to their car and called for a

---

[1] For the purposes of this Report and Recommendation, the Court construes the complaints together. Typically, "when plaintiff files [an] amended complaint, [the] new complaint supersedes all previous complaints and controls [the] case from that point forward." *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)). Nevertheless, in this case, given Watkins's *pro se* status, the Court construes his amended complaint together with the original complaint. *See, e.g.*, *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006) (acknowledging that *pro se* pleadings are held to a less stringent standard than those drafted by an attorney, but "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law"); *see also Uduko v. Cozzens*, 975 F. Supp. 2d 750, 755 (E.D. Mich. 2013).

[2] Watkins does not explicitly refer to the Fourth Amendment in his complaints, but his allegations suggest a violation of his civil rights under the Fourth Amendment.

2

K9 unit. (*Id.*; ECF No. 9, at 2.) Fifteen minutes later, the deputies returned. (ECF No. 1, at 2.) One of the deputies[3] ordered Wilkerson to exit the vehicle. (ECF No. 9, at 2.) Wilkerson and Watkins both exited the vehicle, Watkins because he was in "fear for my life." (ECF No. 1, at 2.) They asked for a reason for the search, and Green replied that they did not need a reason or probable cause to conduct an open-air sniff with their canine. (*Id.*; ECF No. 9, at 2.) Watkins alleges these interactions were video recorded. (ECF No. 9, at 2.)

Watkins ran from the scene "out of fear of my life" and was eventually caught by the deputies, including Green, Lawler, and others unidentified.[4] (*Id.*) Green told Watkins that "they would beat me unconscious if I ever ran from them again." (ECF No. 1, at 3.) Watkins was arrested for possession of methamphetamine "even though they didn't find any narcotics on my person or around me." (ECF No. 9, at 3.) The deputies transported Watkins to Baptist Memorial Hospital in Covington for evaluation, and he was later released into the custody of the Sherriff's office. (*Id.*)

Watkins alleges further violations of his rights occurred when he made court appearances in March and April of 2023. (*Id.*) Watkins alleges that the district attorney, Stephanie Draughon, told him that "if I didn't get an attorney I will be thrown back in jail" and that the judge would give him a public defender once he was in jail again. (*Id.*) Then, on July 13, 2023, at 7:13 a.m., unidentified Tipton County officers came to his home and "ramshacked [sic]" it

---

[3] Watkins's original complaint alleges that Deputy Green opened Wilkerson's door and ordered her out, while the other deputy was on the passenger side of the car. (ECF No. 1, at 2.) His amended complaint alleges that K9 Deputy Lawler opened Wilkerson's door and ordered her out. (ECF No. 9, at 2.) The discrepancy between these allegations is immaterial for purposes of this Report and Recommendation.

[4] Watkins does not make any factual allegations about Defendants Gene Molder, Chris Smith, Millington Police Officer Corey Edinburgh, and Millington Police Lenize Stepney. For purposes of this Report and Recommendation, the Court assumes Watkins has sued them because he alleges they are some of these unidentified officers.

"based on a faulty indictment." (*Id.*) Watkins also states that he had missed circuit court on the same day he had court in general sessions. (*Id.*)

For relief, Watkins requests that the charges against him be dropped, that his hospital bill be paid in full, and that the officials involved be reprimanded. (*Id.* at 4; ECF No. 1, at 3.) He also seeks $1.5 million in damages for an alleged beating.[5] (ECF No. 9, at 3.)

## PROPOSED CONCLUSIONS OF LAW

### I. Standard of Review for Failure to State a Claim

To determine whether Watkins has stated a claim for which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 679; *see also*

---

[5] Watkins does not state when the beating occurred. For purposes of this Report and Recommendation, the Court assumes he is alleging that he was beaten on the night of January 12, 2023.

*Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel."  *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); s*ee also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded").  Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure."  *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants.  Not only would that duty be overly burdensome, but it would also transform the courts from neutral arbiters of disputes into advocates for a particular party.  While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).  "A pro se complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Shelby v. Greystar Mgmt. Servs., L.P.*, No. 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)).

## II.     Watkins's Claims Against District Attorney Stephanie Draughon

Watkins's claims against Draughon are subject to dismissal because her actions as a prosecutor pursuing criminal charges against Watkins are protected by absolute immunity. "American law has long recognized 'absolute immunity' for those 'whose special functions or constitutional status requires complete protection from suit.'" *Barnett v. Smithwick*, 835 F. App'x 31, 35–36 (6th Cir. 2020) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982)). "That brand of immunity extends to government officers like prosecutors whose activities are 'intimately associated' with the judicial process." *Price v. Montgomery Cnty., Ky.*, 72 F.4th 711, 719 (6th Cir. 2023) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "In fact, prosecutorial immunity has a long reach—it extends even to 'unquestionably illegal or improper conduct,' including instances where a defendant is genuinely wronged." *Id.* (quoting *Cady v. Arenac Cnty.*, 574 F.3d 334, 340 (6th Cir. 2009)). Even assuming Watkins's allegations against Draughon are true, Draughon was acting in her prosecutorial role in discussing Watkins's case with him. Draughon is protected by absolute immunity, and it is recommended that all claims against her be dismissed.

## III.    Watkins's Remaining § 1983 Claims

Construing the complaints in a light most favorable to Watkins and accepting his allegations as true, Watkins has alleged facially plausible claims under § 1983 for purposes of screening under § 1915(e)(2)(B)(ii). As such, the Court recommends that process be issued and served on the remaining Defendants pursuant to Local Rule 4.1(b)(2).

## ORDER AND RECOMMENDATION

For the forgoing reasons, it is recommended that Watkins's claims against Stephanie Draughon be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief can be granted.

It is recommended that Watkins's § 1983 claims be allowed to proceed against the remaining Defendants. The Court further recommends that the Clerk of the Court be directed to issue process for the remaining Defendants and to deliver that process to the U.S. Marshal for service along with a copy of the complaints, this Report and Recommendation, and any Order from the District Judge regarding this Report and Recommendation; that service be made on the remaining Defendants pursuant to Federal Rule of Civil Procedure 4(c)(3); and that all costs of service be advanced by the United States.

Respectfully submitted this 28th day of December 2023.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.