# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CALVIN ORLANDUS WATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-cv-2026-SHL-atc |
| ) | |
| TIPTON COUNTY DEPUTY GREEN, ) | |
| TIPTON COUNTY DEPUTY LAWLER, ) | |
| TIPTON COUNTY DEPUTY MOLDER, ) | |
| TIPTON COUNTY DEPUTY SMITH, ) | |
| DA STEPHANIE DRAUGHON, ) | |
| MILLINGTON POLICE OFFICERS ) | |
| COREY EDINBURGH, and MILLINGTON ) | |
| POLICE LENIZE STEPNEY, ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING MOTION TO INTRODUCE EVIDENCE AND REPORT AND RECOMMENDATION TO DENY MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE

Before the Court[1] is Plaintiff Calvin Orlandus Watkins's motion for evidence to be introduced into this case, filed on March 21, 2023, and his motion for a temporary restraining order, filed on July 28, 2023. (ECF Nos. 8, 10.)

## ORDER

In the motion for evidence, Watkins states that he has a video of the traffic stop that is the subject of his complaint and seeks to introduce the video into evidence. The motion is premature at this time, as the Court's screening of this case under 28 U.S.C. § 1915(e)(2)(B) is currently

---

[1] This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

underway. Should this case survive screening, and service of process be ordered, the Court will conduct a scheduling conference, in which deadlines for providing discovery will be set. If necessary, Watkins may renew his request at that time. The motion for evidence is therefore denied without prejudice.

## REPORT AND RECOMMENDATION

It is recommended that Watkins's request for a temporary restraining order be denied. Federal Rule of Civil Procedure 65(b) governs temporary restraining orders and provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . . .

Fed. R. Civ. P. 65(b)(1)(A). Injunctive relief "is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). An evidentiary hearing is not required "when the issues are primarily questions of law." *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 553 (6th Cir. 2007) (citations omitted).

Here, Watkins's request for a temporary restraining order states, in its entirety:

> I am requesting help for protection against these individuals, from there [sic] lies and judicial prosecution. I currently have an indictment that I know is invalid, this only came about when they heard about my lawsuit. It is my belief that they are trying to kill me! I'm afraid!!

(ECF No. 10.) In addition to being unsworn, Watkins's motion fails to identify specific facts showing he will suffer immediate and irreparable injury without injunctive relief. Indeed, his request fails to specify the nature of the restraint or injunctive relief he seeks. As such, he has failed to satisfy the threshold requirements of Rule 65(b) for the issuance of a restraining order

without notice. It is therefore recommended that his request be denied without prejudice, with leave to refile a motion that identifies the relief he seeks and incorporates specific facts in support of his request.

## CONCLUSION

The motion for evidence is DENIED without prejudice. It is recommended that the motion for a temporary restraining order be DENIED without prejudice as well.

SO ORDERED this 28th day of December 2023.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.